Maxwell, J.
Alonzo Hnbbard, November, 1895, was the owner of the Bntler irrigating ditch and an undivided one-third interest in the Hubbard irrigating ditch.
November 29, 1895, Hubbard conveyed to appellee’s grantor forty acres of land “together with a water right of eight-tenths (8-10) of a. cubic foot of water per second of time in the Butler ditch under priority number two hundred and forty-one (241),” and December 29, 1895, granted appellee’s grantor a right of way for a lateral ditch of sufficient size to convey eight-tenths of a cubic foot of water per second of time, from the Butler ditch to a lateral of the Hubbard ditch, and thence to the land conveyed.
March 23, 1898, appellee became the owner by purchase and conveyance of said land, water right and right of way and continued in the use of the water until June, 1900, when appellants shut off the *526 water from the lateral and deprived appellee of the use of same.
April 16, 1900, Hubbard conveyed to appellants certain lands ‘ ‘ and also all right, title and interest of the party of the first part in and to the Butler ditch and the water decreed thereto * * * excepting also such right and interest, if any, as was deeded by the party of the first part on the 29th of November, 1895, by certain deed given by him to Ella W. Pelt” (appellee’s grantor).
This action was to restrain appellants from interfering with appellee in the use of eight-tenths of a cubic foot of water per second of time from the Butler irrigating ditch and the use of the lateral from the Butler ditch above described.
Decree for appellee, from which this appeal.
A decree of the district court of Costilla county, entered November 17, 1891, awarded Alonzo Hubbard, the owner of the Butler irrigating ditch, two priorities, “No. 40, for 4 cubic feet of water per second of time as of May 1st, 1874,” and “No. 241 for 4.8 cubic feet of water per second of time as of April 5th, 1882.”
This decree is denominated ‘ ‘ The Mclntire Decree.”
Thereafter pursuant to Mills’ Ann. Stats., section 2425, the above decree was revised, and Hubbard was awarded priority “No. 218 as of April 5, 1882, for 4.8 cubic feet of water per second of time. ’ ’
This decree is denominated the “Voorhees Decree.”
It is contended by appellants that, by the “ Voorhees Decree, ’ ’ the final award to Hubbard of priority No. 218, April 5, 1882, for four and eight-tenths cubic feet of water per second of time, took the place of priority No. 40, May 1, 1874, for four cubic feet of water per second of time, and that priority No. 241, *527 April '5, 1882, for four and eight-tenths cubic feet of water per second of time, was wiped out of existence, and that appellee’s grant being “eight-tenths of a cubic foot of water per second of time in the Butler ditch under priority No. 241,” according to the language of the deed, conveyed nothing, as there was no such priority in existence at the date of Hubbard’s deed to appellee’s grantor.
It is admitted by both parties that some sort of a mistake or error was made in the languáge of the Voorhees decree.
At the trial of this case, certified copies of pertinent portions of the record, proceedings and evidence introduced before the referee and the court, in the matter of the adjudication of priorities, were introduced, from which it appears that after the rendition of the ‘ ‘ Mclhtire Decree, ” and within the time allowed by the statute, such decree was excepted to, and revised.
The exceptions to the “Mclntire Decree” specify that there is manifest error therein, in that by the said decree the Hubbard or Butler irrigating ditch is awarded a priority of eight and two-tenths cubic feet of water per second of time as of, May 1, 1874, whereas, the evidence clearly shows that said ditch was not commenced until May 5, 1882; that the land to be irrigated by such water was not so irrigated until 1882, and that the priority awarded the Hubbard ditch for four cubic feet of wafer per second of time as of March 27, 1874, is for the same land. In other words, as we read the record of the proceedings and evidence, the priority No. 40 for four cubic feet as of May 1,1874, awarded the Butler ditch, was included in the priority No. 33 for four cubic feet of water as of March 27, 1874, awarded the Hubbard ditch.
*528 Hubbard was interested at that time in both the Hubbard and Butler ditches.
The additional findings of fact made by the court, upon which the final decree was based, were :
“THE BUTLER IRRIGATING DITCH.
“The court sustains the exceptions filed herein * # * and finds that the acreage given by the referee in his findings as irrigated in 1874 is included under the Hubbard ditch.
“And further approves said findings of the referee as to the acreage irrigated of 240 acres in 1882; and amends the date of construction of said ditch from May 1, 1874, to April 5, 1882.
“And upon sgjd findings of fact further amends and finds that said ditch is entitled to priority for 4.8 cu. ft. of water per second of time as of date April 5th, 1882.”
Thus it appears that the Butler ditch was found to be entitled to four and eight-tenths cubic feet of: water per second of time, as of April 5, 1882, and decree was rendered accordingly.
In the case at bar, the court found:
“The court finds that by the original decree, known as the ‘ Mclntire Decree, ’ the Butler ditch was awarded a decree for four cubic feet of water per second of time, based upon the evidence of actual diversion and appropriation of water to beneficial use in the irrigation of 200 acres of land, and of date May 1st, 1874; and a decree for a second and additional appropriation of 4.8 cubic feet of water per second of time, of date April 5th, 1882.
“This decree was afterwards revised by the court, Hon. John H. Yoorhees presiding, by which revision, only the latter appropriation is decreed to said ditch, and which is decreed in words and figures following, to wit:
“ ‘It is further ordered, adjudged and decreed *529 that there be allowed to flow into and through the said ditch, the Butler irrigating ditch, from the said the Rio Grande river, for the use aforesaid, for the benefit of the parties lawfully entitled thereto, under and by virtue of the appropriation of water thereby made, the amount of water as of priority, number and date as follows, to wit: By original construction, App. Priority No. 218, April 5th, 1882, 4.8 cubic feet per second of time.’
“The former appropriation was dropped from the decree, on the finding of the court ‘That the acreage given by the referee in his findings, as irrigated in 1874, is included under the Hubbard Ditch. ’
“Of this latter appropriation, the only appropriation recognized by the revised decree, the claimant, Alonzo Hubbard, sold and conveyed to plain-, tiff’s grantor, eight-tenths (.8) of a cubic foot of water per second of time, which from the evidence appears to be the property of plaintiff and whose use and enjoyment of the same, the defendants are threatening and about to prevent and hinder.”
These findings correctly interpret the final decree rendered in the matter of the adjudication of priorities, are sustained by the evidence introduced at the trial, and are conclusive upon this court.
The judgment will be affirmed.

Affirmed.

Thomson, P. J., not sitting.